**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON UNIVERSITY,<br><br>Defendant. | ) | Case No.: 4:26-cv-01289-SEP |

# DEFENDANT WASHINGTON UNIVERSITY'S ANSWER AND STATEMENT OF AFFIRMATIVE AND ADDITIONAL DEFENSES

COMES NOW Defendant Washington University, by and through undersigned counsel, and for its Answer and Statement of Affirmative and Additional Defenses to the Complaint filed by Plaintiff Equal Employment Opportunity Commission, states as follows:

## "Nature of Action"

Defendant admits only that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint. Except as expressly admitted herein, Defendant denies any and all other allegations contained in this prefatory, unnumbered paragraph of the Complaint.

## "Jurisdiction and Venue"

1. Defendant states that the allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant admits only that jurisdiction is proper in the United States District Court

for the Eastern District of Missouri. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 1 of the Complaint.

2. Defendant states that the allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant admits only that venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 2 of the Complaint.

**"Parties"**

3. Defendant admits only that Plaintiff is an agency of the United States federal government. Defendant further states that the remaining allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant admits only that Plaintiff is empowered to bring certain actions pursuant to the cited statutes, the contents of which speak for themselves. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that the University is a corporation established by Act of the General Assembly of the State of Missouri approved February 22, 1853, and acts amendatory thereto, with its principal place of business in Missouri and that it employs at least fifteen employees. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant states that the allegations contained in Paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant admits the allegations contained in Paragraph 5 of the Complaint.

**"Administrative Procedures"**

6. Upon information and belief, Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits only that it received a Letter of Determination from Plaintiff on or about June 22, 2026. The Letter of Determination speaks for itself, and Defendant denies any allegation inconsistent therewith.

8. Defendant admits only that Defendant and Plaintiff communicated regarding the Letter of Determination. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits only that the parties did not reach an agreement on conciliation. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant states that the allegations contained in Paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

**"Statement of Facts"**

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Ms. Thaier reported to Ms. Beers and that Ms. Beers reported to Mr. Fisher during Ms. Thaier's employment with the University. Except as expressly admitted herein, Defendant denies any and all other allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits only that, in June 2024, Mr. Fisher emailed certain members of the SCC research administration team, including Ms. Thaier, regarding training sessions to be provided by ODEI on the topics of "How Racism Harms" and "Anti-Racism Community Discussions." Defendant further states that the referenced email speaks for itself, and Defendant denies any allegations inconsistent therewith.

17. Defendant admits only that, in June 2024, Mr. Fisher emailed certain members of the SCC research administration team, including Ms. Thaier, regarding training sessions to be provided by ODEI on the topics of "How Racism Harms" and "Anti-Racism Community Discussions." Defendant further states that the referenced email speaks for itself, and Defendant denies any allegations inconsistent therewith.

18. Defendant admits that, on October 9, 2024, ODEI sent an online survey to individuals from the SCC research administration team whom ODEI understood to be participating in the training. Defendant further states that the content of the referenced survey speaks for itself, and Defendant denies any allegations inconsistent therewith.

19. Upon information and belief, Defendant admits only that Ms. Thaier identified her racial identity and emailed ODEI staff with concerns about the training. The contents of those communications speak for themselves, and Defendant denies any allegations inconsistent therewith. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits only that Ms. Thaier communicated with ODEI staff regarding the training session. The contents of those communications speak for themselves, and Defendant denies any allegations inconsistent therewith. Except as expressly admitted herein, Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 20

of the Complaint (including what Ms. Thaier did or did not subjectively understand) and, therefore, denies the same.

21. Defendant admits only that the training session for certain members of the SCC research administration team was postponed from November 2024 to January 22, 2025 and was changed to a remote session. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits only that certain members of the SCC research administration team who had registered for the training session received invitations to attend remotely. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits only that Ms. Thaier received an invitation to attend the training session remotely. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits only that Ms. Thaier accepted the invitation and joined the January 22, 2025 training session. Except as expressly admitted herein, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint (including what Ms. Thaier did or did not subjectively believe) and, therefore, denies the same.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits only that Ms. Thaier was placed in a breakout room consistent with her selected racial identity. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits only that an ODEI staff member joined Ms. Thaier in the breakout room, that the two of them had a discussion, and that Ms. Thaier thereafter exited the

meeting. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits only that Ms. Thaier sent an email on January 22, 2025, with the subject line "Feedback on Today's DEI Training," to certain members of ODEI's staff, copying Mr. Fisher and Ms. Beers. Defendant further states that the content of the email speaks for itself, and Defendant denies any allegations inconsistent therewith.

29. Defendant admits only that members of ODEI's staff responded to Ms. Thaier by email on January 22 and 30, 2025. The contents of such responses speak for themselves, and Defendant denies any allegations inconsistent therewith. Except as expressly admitted herein, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint (including what Ms. Thaier did or did not subjectively believe) and, therefore, denies the same.

30. Defendant admits only that Ms. Thaier submitted a written complaint to the OEI, and states that the content of that written complaint speaks for itself, and Defendant denies any allegations inconsistent therewith.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits only that Gillian Lawson (then Boscan), OIE's Director of Investigations, conducted an investigation into the allegations raised in Ms. Thaier's January 31, 2026 email correspondence. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits only that, after the January 2025 incident, Ms. Thaier continued to work as Senior Program Manager for SCC, and that Ms. Thaier received some positive feedback

regarding her work. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that Thaier completed the Emerging Leaders Program, a program designed for University staff to strengthen leadership skills, in May 2025 after starting the program in 2024. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits that Mr. Fisher and Ms. Beers tasked Ms. Thaier to engage and coordinate with investigators to identify and facilitate implementation of new Prevention & Control clinical trials at SCC. Defendant further admits that Ms. Thaier accomplished this task. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 36 of the Complaint.

37. Defendant admits only that, as part of SCC's renewal application for the NCI CCSG, Ms. Beers spoke with Ms. Thaier about her future involvement with the process. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits only that, on or about June 11, 2025, Ms. Beers completed a Performance Evaluation pertaining to Ms. Thaier's work. Defendant states that the Performance Evaluation speaks for itself, and Defendant denies any allegations inconsistent therewith.

39. Defendant admits only that Ms. Thaier appears to have filed a Charge of Discrimination on or about July 11, 2025, the content of which speaks for itself, and Defendant denies any allegations inconsistent therewith.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint and, therefore, denies the same.

43. Defendant admits only that, in 2025, Mr. Fisher and Ms. Beers were evaluating funding strategies for the Clinical Trials Initiative. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits only that, on August 27, 2025, it submitted a written response to Ms. Thaier's Charge of Discrimination, the content of which speaks for itself, and Defendant denies any allegations inconsistent therewith.

45. Defendant admits only that Ms. Thaier was on approved medical leave in September and October 2025, returning to work on October 22, 2025. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits only that, on or about October 1, 2025, Mr. Fisher sent an email to SCC staff addressing a recent message from the University Chancellor. Defendant states that the email speaks for itself and is the best evidence of its content. Answering further, Defendant denies any allegations inconsistent with the email and denies any suggestion that the statement was false when made or that it evidenced some retaliatory intent. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits only that Mr. Fisher and Ms. Beers made the decision to eliminate Ms. Thaier's position, effective December 1, 2025. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits only that Ms. Beers spoke with Ms. Thaier in November 2025 and informed Ms. Thaier that, due to lack of work in short- and intermediate-term projects, Ms.

Thaier's position would be eliminated. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 48 of the Complaint.

49. Defendant admits only that Mr. Fisher emailed Ms. Thaier on November 20, 2026 regarding the elimination of her position. Defendant also states that the content of the email speaks for itself, and Defendant denies any allegations inconsistent therewith.

50. Defendant admits only that Ms. Thaier appears to have signed and filed an Amended Charge of Discrimination with Plaintiff on or about November 25, 2026. Except as expressly admitted herein, Defendant denies any and all other allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

**"Statement of Claim"**

**"Retaliatory Discharge"**

53. Defendant hereby restates and incorporates by reference its answers to Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Defendant states that the allegations contained in Paragraph 54 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant states that the allegations contained in Paragraph 55 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant states that the allegations contained in Paragraph 56 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant states that the allegations contained in Paragraph 57 of the Complaint contain legal conclusions to which no response is required. To the extent an answer is deemed to be required, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

**"Prayer for Relief"**

Defendant denies any and all allegations contained in the "Prayer for Relief" Paragraph following Paragraph 57 of the Complaint, including all subparts, and specifically denies that Plaintiff is entitled to any of the relief sought therein.

**"Jury Trial Demand"**

Defendant states that the allegations contained in the "Jury Trial Demand" Paragraph, which state Plaintiff's request for a jury trial on all questions of fact raised in the Complaint, require no response. To the extent a response is deemed necessary, Defendant has no objection to a jury trial on issues that may properly be presented to a jury.

**Statement of Affirmative and Additional Defenses**

Without assuming any burden of proof that would otherwise rest with Plaintiff, and reserving the right to assert additional defenses as they become known through discovery, Defendant states the following affirmative and additional defenses:

**First Defense**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**Second Defense**

Any and all employment decisions regarding Ms. Thaier, including the elimination of her position effective December 1, 2025, were made for legitimate, non-discriminatory, and non-retaliatory business reasons wholly unrelated to any protected activity, including a lack of work to justify her position and SCC's shift in institutional focus and resources toward the renewal of its National Cancer Institute designation and related Cancer Center Support Grant application.

**Third Defense**

Plaintiff's claims of retaliation are barred because there is no causal connection or nexus between any alleged adverse employment actions and any alleged protected activity.

**Fourth Defense**

To the extent Plaintiff can establish that any adverse employment decision affecting Ms. Thaier was somehow caused by her protected activity, which Defendant denies, Defendant would have made the same decision in the absence of any such protected activity, and Plaintiff's recovery, if any, is therefore limited pursuant to 42 U.S.C. § 2000e-5(g)(2)(B).

**Fifth Defense**

Plaintiff's claim fails because the University's decisions regarding Ms. Thaier's employment were an exercise of sound business judgment without regard to any protected activity Ms. Thaier may have engaged in, even if a reasonable person might disagree with such decision.

**Sixth Defense**

Plaintiff's claim for punitive damages is barred, in whole or in part, because Defendant at all times acted in good faith and made good-faith efforts to comply with Title VII and to prevent any discriminatory or retaliatory conduct in the workplace, including through its training programs, internal complaint and investigation processes, and policies prohibiting retaliation. Any

claim for punitive damages alleged by Plaintiff is also barred by Amendments V, VI, VII, IX, and XIV of the United States Constitution, and, as applicable, any corresponding provisions of the Missouri Constitution, in that, *inter alia*, punitive damages are penal in nature and amount to a criminal fine, they constitute an unlawful taking, they violate due process, and the guidelines, standards, and/or instructions for imposition of any such damages are vague, indefinite, and without proper limits.

**Seventh Defense**

Any award of compensatory and punitive damages is subject to the statutory caps set forth in 42 U.S.C. § 1981a(b)(3).

**Eighth Defense**

Ms. Thaier failed to mitigate her damages, if any, by failing to use reasonable diligence to seek and secure comparable alternative employment, including declining severance benefits that included outplacement services designed to facilitate her transition to other employment.

**Ninth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks relief for conduct or decisions that were not encompassed within the scope of Ms. Thaier's Charge of Discrimination, Amended Charge of Discrimination, or the Commission's reasonable-cause determination, and were not administratively exhausted.

**Tenth Defense**

Defendant reserves the right to assert any after-acquired evidence defense that may become available through discovery, including evidence that would limit or bar Ms. Thaier's entitlement to reinstatement, front pay, or back pay for any period following the discovery of such evidence.

**Eleventh Defense**

Plaintiff is not entitled to a jury trial on any claim for equitable relief, including, without limitation, any claim for future wages or reinstatement.

**Other Defenses**

Defendant reserves the right to amend this Answer and to assert any additional affirmative or other defenses that discovery or further investigation reveals to be applicable.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendant its costs and attorneys' fees reasonably incurred in having to respond to the Complaint, and grant such other and further relief as this Court deems proper.

DATED: October 13, 2026

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Sarah E. Mullen

Sarah E. Mullen, #61058MO
Benjamin M. Farley #69073MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7688 (telephone)
(314) 612-7688 (fax)
smullen@lewisrice.com
bfarley@lewisrice.com

*Attorneys for Defendant Washington University*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by the Court's electronic filing system on this 13th day of October, 2026, on all counsel of record.

/s/ Sarah E. Mullen